## Case No. 14,704.

UNITED STATES v. BUTTERFIELD et al.

[8 Ben. 23.] [1]

District Court, S. D. New York. Feb., 1875.

MOTION TO CORRECT AGREED STATEMENT OF FACTS—TRIAL—NEW TRIAL—LACHES—TREASURY DEPARTMENT.

1. A suit was brought against B., who had been assistant treasurer of the United States, and against his sureties on his official bond. It was tried on an agreed statement of facts, which included an account from the treasury department at Washington. One question in the case was as to the right of the defendant B. to an allowance of certain commissions on the sale of stamps, which commissions exceeded the claim against him. The court made a decision that he was entitled to the allowance and that there must be judgment for the defendant [Case No. 14,703]. Before any order or judgment was actually entered, the United States district attorney made a motion to the court for leave to correct the agreed statement of facts, on affidavits setting forth that the statement was erroneous, because it did not show that the allowance in question had been in fact made *Held*, that, as there was nothing in the minutes of the court showing any action by the court on the evidence submitted to it, it must be held that the trial was not concluded.

2. Therefore, the rules applicable to new trials were not to be invoked;

3. To justify the court in granting the motion, it must be shown not only that the plaintiff had not been guilty of laches, but that the statement of facts was actually erroneous in the particular in question.

4. Although the district attorney had been shown not to be guilty of laches, it had not been shown that the officers of the treasury department charged with the duty of stating the accounts between the United States and B. had not been guilty of laches, nor had it been shown how the alleged error arose.

5. Therefore, the motion must be denied, with leave to renew it on further papers.

After the decision made by the court in this case, which is reported in the 7th volume of these Reports [supra], the district attorney of the United States made a motion, on affidavits, for leave to put in further evidence, tending to show a mistake of fact in the treasury statement on which the case had been submitted to the court. The defendants [Daniel Butterfield and others] raised the objection that the application was substantially one for a new trial, and that a proper case for granting a new trial had not been made out.

George Bliss, U. S. Dist. Atty.

William D. Shipman, for defendants.

BLATCHFORD, District Judge. I do not think it can be said that the trial of this cause has yet been concluded. There is nothing in the minutes of the court showing any action by the court on the evidence submitted to it, which evidence consisted wholly of the written statement agreed to by the parties. I think, therefore, that the rules applicable to new trials are not to be invoked. Therefore, if a proper case be shown, the plaintiffs may be allowed to withdraw their assent to the agreed statement of facts. To justify the court in allowing this, it must not only be shown that the plaintiffs have not been guilty of laches, but the court must see that the agreed statement of facts is in fact wrong in the particular in which it is alleged to be wrong. The agreed statement is a formal stipulation, signed by the district attorney and by the attorney for the defendants, stating that the parties agree on the facts therein set forth. The affidavit of the district attorney, on which the motion is now made by the plaintiffs to amend such statement of facts in the respects indicated in such affidavit, and that the decision rendered by the judge herein be changed accordingly, and that judgment be ordered as the facts require, sets forth that the agreed statement was erroneous, in that the amounts therein stated to have been allowed to the defendant Butterfield as commissions on sales of stamps should have been $85,084.46 instead of $73,645.64, and that consequently the claim of the defendant Butterfield to be allowed the further sum of $9,836.23 was and is unfounded, because that sum had been allowed to him by allowing to him the $85,084.46. It also sets forth that the error arose from mistakes made by certain clerks in the treasury department in making up the account on which said statement of facts was based, and that said account did not truly state the transactions between the plaintiffs and the defendant Butterfield, and that such errors were not known to the district attorney at the time of the trial, but that as soon as he learned them he brought them to the notice of the attorneys for the defendants.

The district attorney has been guilty of no laches, but it is not shown that the officers of the treasury department charged with the duty of stating the accounts between the United States and the defendant Butterfield have not been. The accounts, when stated, are made evidence against the party that he owes to the United States the balance of money shown by the account to be due from him to the United States. It is stated in the agreed statement of facts, that, in the settlement of the defendant Butterfield's stamp account with the United States, they allowed him, as the amount of commissions to which he was entitled, $73,645.64, and no more. This shows that a settlement or statement of account between the United States and the defendant Butterfield was made by the United States. A copy of such statement from the books of the treasury department is before me, showing an account between the defendant Butterfield and the United States in respect to stamps, in which he is charged with $2,036,250.94 as the value of stamps de-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

livered to him, and is credited with the same sum. made up by $1,669,639.50 remitted by him, and $73,645.64 commissions allowed him, and $292,965.80 as the value of stamps turned over by him to his successor. If in fact the allowance for commissions was $85,084.46 it is not shown when the error in the statement of account was discovered at the treasury department, or by whom, or how it came to be made, or that it ought not to have been discovered sooner than it was. or what the mistakes are that were made by the clerks, or who the clerks were, or that the errors were not known to the proper officers of the department when the agreed statement of facts was signed, or that the true amount allowed for commissions was not known to them when the statement of account was made and when the agreed statement of facts was signed.

· Moreover, the statement annexed to the affidavit of the district attorney, as showing the manner in which the alleged error arose. is one from which it cannot be seen how such alleged error arose, inasmuch as it does not show an allowance for commissions of $11,438.82 more than the $73,645.64.

On the papers now before me I must deny the motion, with leave to the plaintiffs to renew it on further papers.